BEFORE THE SECOND DIVISION, JANUARY 25, 1939

**No. 40522.**—Protests 249266–G, etc., of Gimbel Bros., Inc. (New York).

Opinion by DALLINGER, J.  It was stipulated that the merchandise consists of baskets, teapots, sugar spoons, cream pitchers, dishes, cruets, egg stands, toast and butter stands, thimbles, trays, photo frames, crumb trays and scoops, atomizers, boxes, vases and bottles chiefly used in the kitchen, on the table, or in the household for utilitarian purposes.  The claim at 40 percent under paragraph 339 was therefore sustained.  *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), *Woolworth* v. *United States* (T. D. 47857), and *Rice* v. *United States* (T. D. 49373) cited.

**No. 40523.**—Protests 565111–G, etc., of Strauss Bros. & Co. (New York).

Opinion by DALLINGER, J.  In accordance with stipulation of counsel and on the authority of Abstracts 30751 and 38680, fly swatters, thimbles, and curling irons were held dutiable at 40 percent under paragraph 339 as claimed.

**No. 40524.**—Protests 843369–G, etc., of A. Cohen & Sons Corp. et al. (New York).

Opinion by DALLINGER, J.  It was stipulated that the merchandise consists of pen stands, atomizers, paper weights, calendars, trays, inkstands, and thimbles chiefly used in the household for utilitarian purposes.  The claim at 40 percent under paragraph 339 was therefore sustained.  *United States* v. *Friedlaender* (21 C. C. P. A. 103, T. D. 46445), *Dow* v. *United States* (id. 282, T. D. 46816), and *Rice* v. *United States* (T. D. 49373) cited.

**No. 40525.**—Protest 798770–G of Lee & Schiffer, Inc. (New York).

Opinion by DALLINGER, J.  It was stipulated that the merchandise consists of machines or parts thereof similar to those the subject of *Lee* v. *United States* (T. D. 49358).  The claim at 27½ percent under paragraph 372 and 3 cents per pound under section 601 (c) (7) of the Revenue Act of 1932 was therefore sustained.

**No. 40526.**—Protest 961005–G/88043 of Moto Scoot Manufacturing Co. (Chicago).

Opinion by DALLINGER, J.  It was stipulated that the merchandise consists of parts of motorcycles.  The claim at 25 percent under paragraph 369 was therefore sustained.